## El Pueblo *v.* Ortiz et al.

### Apelación procedente de la Corte de Distrito de Ponce.

No. 384.—Resuelto en diciembre 22, 1911.

Derecho Penal—Motín—Misdemeanor—Jurisdicción Concurrente de las Cortes de Distrito.—Las cortes de distrito tienen jurisdicción concurrente con las cortes municipales para conocer de los delitos menos graves, según doctrina establecida por este tribunal en el caso No. 356, *El Pueblo* v. *Adorno,* resuelto en noviembre 29, 1911.

Id.—Motín—Elementos del Delito.—Para que exista el delito de motín la ley vigente en Puerto Rico exige que sean dos o más los acusados, que obren juntos, y sin autoridad de ley, que se emplee fuerza o violencia, o se amenace emplear tal fuerza o violencia acompañada de la aptitud para realizarla en el acto, y que se perturbe la tranquilidad pública. Examinada la acusación en el caso de autos, el tribunal resolvió que contenía esos requisitos.

Id.—Apreciación de la Prueba—Absolución de Algunos de los Acusados.—El hecho de que el juez sentenciador absolviera a uno de los acusados por abrigar duda razonable con respecto a su culpabilidad, a pesar de existir contra él la misma clase de prueba que contra otros acusados a quienes condenara, no es suficiente para que este tribunal resuelva, que necesariamente también debió existir la misma duda con respecto a la culpabilidad de dichos acusados declarados culpables y que en su consecuencia debieron y deben ser absueltos. El juez sentenciador pudo escuchar a cada uno de los testigos y observar su manera de declarar, su actitud con respecto a cada uno de los acusados, su interés, y basar finalmente su juicio en un examen concienzudo e imparcial de todas las pruebas practicadas.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Francisco Parra y Manuel A. Rivera.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación establecido contra una sentencia dictada por la Corte de Distrito de Ponce, condenando a Francisco Ortiz (*a*) Churri, Braulio Aguilú, Edelmiro Huertas, Juan Olivencia y Nieves Olivencia como autores de un delito de motín previsto en el artículo 359 del Código Penal, a pagar cada uno la multa de cien dollars y en defecto

de pago a sufrir un día de cárcel por cada dollar que dejaren de satisfacer, no pudiendo exceder la prisión subsidiaria de noventa días.

Los apelantes alegaron por escrito y en el acto de la vista, que la corte sentenciadora:

1°., actuó sin jurisdicción;

2°., erró al desestimar la excepción previa de que los hechos expuestos en la acusación no constituían delito público;

3°., erró al castigar bajo una sola acusación dos hechos constitutivos de dos delitos de alterar la paz, y

4°., erró al apreciar las pruebas y al aplicar la ley.

El primero de los motivos alegados para sostener el recurso o sea la falta de jurisdicción, se basa en que esta causa se originó en la corte de distrito y como el delito perseguido es menos grave, su conocimiento original correspondía a la corte municipal y no a la de distrito.

Esta misma cuestión jurisdiccional ha sido resuelta por esta Suprema Corte en el caso de *El Pueblo* v. *Adorno,* decidido el 29 de noviembre de 1911, en el sentido de que las cortes de distrito tienen jurisdicción concurrente con las municipales para conocer de los delitos menos graves, y la jurisprudencia establecida en dicho caso se acepta y confirma en el presente.

Examinemos el segundo de los motivos alegados. El artículo 359 del Código Penal comprendido en el Título XV del mismo, que trata de los "delitos contra la paz pública," dice así:

"Todo empleo de fuerza o violencia, que perturbare la tranquilidad pública, o amenaza de emplear tal fuerza o violencia, acompañada de la actitud para realizarla en el acto, por parte de dos o más individuos, obrando juntos y sin autoridad de ley, constituye un motín."

Y el Fiscal en su acusación imputó a los acusados la comisión del siguiente hecho: "En la noche del 8 de noviembre de 1910 y en el pueblo de Coamo, dentro del Distrito Judicial de Ponce, P. R., los referidos acusados (sus nombres), en unión de varios más desconocidos, obrando juntos y sin auto-

ridad de ley, se propusieron atacar a los individuos que se encontraban en y por los alrededores del ''Club Unionista'' que estaba en la calle del Comercio de dicha población de Coamo, y allí y entonces empleando fuerza y violencia llevaron a cabo su propósito atacando a las referidas personas, entre las que se encontraban (sus nombres), a quienes arrojaron piedras y dispararon sus revólveres, hiriendo al joven José Felipe Santiago, al que produjeron una fuerte contusión en la cara, y ocasionando con tal motivo en la población la consiguiente alarma y perturbación de la paz pública.''

Basta examinar la acusación en relación con el precepto de ley penal que hemos transcrito, para concluir sin dificultad alguna que el hecho imputado a los acusados y apelantes, es constitutivo del delito público de cuya comisión los declaró culpables la corte sentenciadora.

Todas las circunstancias que exige la ley vigente en Puerto Rico para que se entienda perpetrado el delito de motín, están alegadas en la acusación, a saber:

1°., que sean dos o más los acusados;

2°., que obren juntos y sin autoridad de ley;

3°., que se emplee fuerza o violencia, o se amenace emplear tal fuerza o violencia acompañada de la actitud para realizarla en el acto, y

4°., que se perturbe la tranquilidad pública.

Estudiemos el tercero de los motivos alegados. Es cierto que según se demuestra por la prueba, hubo dos ataques al Club Unionista o a las personas que se encontraban en él o en los alrededores del mismo, mediando entre uno y otro algunos minutos, y que varios testigos declaran que vieron a unos acusados en el primer ataque y a otros en el segundo, pero esto no quiere decir que tratándose como se trata de un delito de la naturaleza del motín, tales ataques constituyan distintos actos que deban alegarse separadamente como diferentes delitos. Una fué la intención que guió a los acusados a actuar juntos en el sentido en que lo hicieron y el conjunto de actos por ellos realizados tendentes todos al empleo de fuerza y

violencia perturbadoras de la tranquilidad pública, es lo que constituye el delito perseguido y castigado en esta causa.

Examinemos el cuarto y último de los motivos alegados, o sea el de que la sentencia es contraria a las pruebas y a la ley.

El hecho de la existencia del motín en la fecha y en el sitio designados en la acusación, es evidente. La prueba de la participación de cada uno de los acusados y apelantes puede resumirse así: 1. Francisco Ortiz (a) Churri, fué visto con una piedra por el testigo Larrauri y el testigo Fernández lo vió tirar piedras; 2. Braulio Aguilú, fué visto disparando su revólver por los testigos Pasalacqua, Fernández y Bermúdez; 3. Edelmiro Huertas fué visto disparando su revolver por los testigos Pasalacqua y Fernández, y 4. Juan Olivencia y, 5. Nieves Olivencia, fueron vistos por el testigo Larrauri cada uno con una raja de leña, y el testigo Fernández los vió tirando piedras.

El juez sentenciador no obstante la prueba de los acusados y apelantes tendente a demostrar que ellos no tomaron participación en el hecho investigado, creyó a los testigos de cargo y basó en sus testimonios su declaración de culpabildad.

El hecho de que el juez absolviera a uno de los acusados por abrigar duda razonable con respecto a su culpabilidad, a pesar de existir contra él la misma prueba que contra los acusados Aguilú y Huertas, no es suficiente para que nosotros podamos resolver que necesariamente también debió existir la misma duda con respecto a la culpabilidad de Huertas y Aguilú y que en su consecuencia debieron ser absueltos. El juez sentenciador pudo escuchar a cada uno de los testigos y observar su manera de declarar, su actitud con respecto a cada uno de los acusados, su interés, y basar finalmente su juicio en un examen concienzudo e imparcial de todas las pruebas practicadas. El tuvo dudas con respecto a la culpabilidad de uno de los acusados y lo absolvió, y él tuvo la certeza de la culpabilidad de los otros y los condenó, y como no se nos ha demostrado que al actuar así obrara movido por pasión, prejuicio o parcialidad, o que apreciara el efecto de

la evidencia de un modo arbitrario, debemos aceptar su sentencia como la justa y procedente.

No apareciendo, pues, que se haya cometido ningún error fundamental en esta causa, debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.