[Crim. No. 159. Fourth Appellate District.—March 6, 1934.]

THE PEOPLE, Respondent, v. L. BRADLEY, Appellant.

Gerald H. Catania and James M. Carter for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

MARKS, J.—By an information filed by the district attorney of Fresno County appellant was charged with engaging in a riot near the city of Fresno in Fresno County on September 9, 1933. This appeal is taken from the judgment of conviction and from the order denying his motion for new trial.

While appellant's brief in many respects fails to conform to the rules of court, in view of the nature of the charge of which he stands convicted we have thought best to study the entire record regardless of the deficiency of the brief.

On September 8, 1933, a public meeting was held in the courthouse park in the city of Fresno, where appellant addressed those assembled. It appears that a dispute had arisen in the grape industry in Fresno County and that appellant and others were endeavoring to prevent laborers from engaging in the harvest of the grape crops. During the course of his speech appellant stated that a strike was in progress and regardless of any opposition or interference made by officers of the law the strikers were going to win.

Then he announced that on the following day a delegation would go to the vineyards and take all workers out of the field regardless of what happened, and, further, that "if the bulls or any officers interfere, we will meet them and take their tin badges away from them, and run them back to town". On the next day appellant, with a number of others variously estimated at between twenty and sixty men, went to the vineyard of L. E. Elliott, where between one hundred and one hundred twenty-five laborers were engaged in harvesting his grapes. Appellant and his followers alighted from their truck and automobiles and assembled in the road adjoining Elliott's land. Elliott was on his own land armed with a shotgun. Appellant and his associates called to and threatened the laborers, endeavoring to get them to leave their occupation. They advanced on Elliott, shaking their fists, shouting in a loud and boisterous manner, advancing upon him with threatening gestures and backed him some distance onto his own property. A number of peace officers saw the crowd and dust raised when at least half a mile from the disturbance and went to Elliott's assistance. Their leader, Deputy Sheriff Collins, told appellant and those assembled with him, at least three times, to move on and disperse. He arrested appellant and two others and this prosecution followed. Just as appellant was being taken away he called to his associates, saying: "Take a good look at him (referring to Elliott) because we will come back and get him."

We gather that the following grounds are relied upon for a reversal of the judgment: (1) Misconduct of the district attorney. (2) Error in permitting the introduction in evidence of what was said by appellant in his speech on September 8, 1933. (3) That the evidence fails to support the judgment.

Appellant quotes one isolated statement of the district attorney, which occurred in his opening statement to the jury, namely, "This case arises out of a labor agitation." We have examined the opening address and the context shows that this sentence was merely introductory to a statement of facts to be proved. We can conceive of no possible prejudice appellant could have suffered from it. His counsel failed to except to it when made and failed to ask the trial court to instruct the jury to disregard it.

■ The statements made by appellant in his speech were properly admitted in evidence to show his intent and a general scheme or plan to commit the crime of which he was convicted. (*People* v. *Morani*, 196 Cal. 154 [236 Pac. 135].)

■ The evidence is ample to sustain the judgment. Section 404 of the Penal Code defines a riot as ''Any use of force or violence, disturbing the public peace, or any threat to use such force or violence, if accompanied by immediate power of execution, by two or more persons acting together, and without authority of law, is a riot.''

While there is no proof of the use of actual force or violence on the part of appellant or his associates, there was a disturbance of the public peace, and conduct on their part, which indicated threats to use force or violence. They certainly possessed the immediate power to put their threats into execution. All of the necessary elements of the offense were thoroughly established in this case.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 19, 1934.