[Crim. No. 334. Fourth Appellate District.—November 17, 1936.]

THE PEOPLE, Respondent, v. APOLINAR MONTOYA et al., Appellants.

Clarence E. Rust for Appellants.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

MARKS, J.—The appellants, and three others, were charged with the crime of riot alleged to have been committed on the Earl Tucker ranch in Orange County, California. The appellants were convicted and judgments pronounced upon them. Their three codefendants were acquitted.

Appellants urge the following grounds for a reversal of the judgments: (1) Insufficiency of the evidence to support the verdicts and judgments; (2) errors in instructions given to the jury; (3) interruptions of their counsel during his arguments to the jury.

The evidence shows that on July 6, 1936, there was a strike among orange pickers in Orange County; that the appellants and their companions (except the defendants ac-

quitted) were strikers; that on July 6, 1936, about twenty-eight nonstrikers were engaged in picking oranges in the Earl Tucker orchard; that at about 2 o'clock in the afternoon of that day between thirty and forty strikers, including the appellants, drove up to the orchard in automobiles; that they were armed with clubs, sticks, black jacks and metal cables; that they rushed into the orchard, seriously assaulted and injured one picker, and drove most of the others out of the orchard; that they dumped oranges out of picking boxes and threw oranges and picking boxes at the pickers; that they cursed and threatened the pickers. This constituted the crime of riot as defined in section 404 of the Penal Code. (*People* v. *Young,* 136 Cal. App. 699 [29 Pac. (2d) 440]; *People* v. *Bradley,* 137 Cal. App. 225 [30 Pac. (2d) 438]; *People* v. *Dunn,* 1 Cal. App. (2d) 556 [36 Pac. (2d) 1096].)

The appellants urge that the evidence is insufficient to prove that they were present at and participated in the riot, or that they committed any unlawful act. Montoya was identified as the one who twice struck a picker over the head with a metal cable and seriously injured him. At least eight of the appellants were personally identified, some of them by several witnesses, as among those who entered the orchard and engaged in the riot. While the identification of the other two is not so complete, there is evidence that they were in the orchard with the other rioters and were arrested with the other appellants when attempting to leave it. If any further identification of these appellants is necessary it is furnished by their own testimony. They testified that they, with the other appellants, and others, attended a meeting of the strikers shortly before the riot and discussed getting the nonstrikers "not to work, so that the strike could be sustained"; that it was decided to go to the orchard to carry out this purpose; that they, with between thirty and forty others, including their coappellants, went to the Tucker orchard to see if they could not get the pickers to help them with the strike; that they were arrested in the road running along the side of the Tucker orchard where the riot took place. While these appellants denied entering the orchard and taking part in the riot there was a common plan and purpose among all of the thirty or forty strikers who went

to the Tucker orchard sufficient to make each one responsible for the acts of the others.

The appellants complain of an instruction attempting to define the offense of trespass. We fail to see the materiality of this instruction. The appellants were charged with the crime of riot, and trespass forms no integral part nor necessary element of that offense. (Sec. 404, Pen. Code.) While we regard the instruction unnecessary we cannot conclude that giving it constituted error so prejudicial as to require reversals of the judgments, especially in view of the convincing evidence of the guilt of appellants. Under these circumstances we are prohibited from reversing the judgments by the provisions of section 4½ of article VI of the Constitution.

The appellants complain of a statement made by the trial judge, which they call an instruction, where he remarked to the jury, ''You mean the act of one is the act of all?'' This question was not an instruction given to the jury. That body returned to the courtroom to have some of the instructions reread. The trial judge asked the question of a juror in endeavoring to identify which instruction the juror desired reread. No complaint is made of the instruction given and reread. There was nothing prejudicial to the rights of any appellant in the question asked.

The appellants complain of interruptions of their counsel during his argument to the jury. The record shows that the attorney was attempting to go outside the record in an endeavor to play upon the sympathies of the jurors. The trial court by its rulings, and the district attorney by his objections, were properly attempting to restrict the argument to the facts and issues of the case.

Judgments affirmed.

Barnard, P. J., and Jennings, J., concurred.