EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROBERTO YODER HERNÁNDEZ, acusado y apelante.

*Número:* CR-72-129      *Resuelto:* 7 de mayo de 1973

*Enrique Vázquez Báez* y *Rafael Vázquez Báez,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El fiscal acusó al apelante de un delito de motín (Art. 359 del Código Penal, 33 L.P.R.A. sec. 1432). La acusación, en lo pertinente, lee así:

"El referido acusado, Roberto Yoder Hernández, allá para el día 2 de octubre de 1969, y en Mayagüez, Puerto Rico. . . . ilegal, voluntaria, maliciosa y criminalmente, obrando junto a otros y sin autoridad de ley, usaron y emplearon fuerza y violencia, perturbando la tranquilidad pública cuando invadieron terrenos de la Universidad de Puerto Rico en Mayagüez, irrumpiendo en la Cafetería del Colegio de Agricultura y Artes Mecánicas, destruyendo propiedades ajenas y causándoles daño."

Celebrado un juicio por tribunal de derecho luego de haber el acusado renunciado válidamente su derecho a juicio por jurado, el tribunal le declaró culpable del delito de motín y le sentenció a pagar $500.00 de multa.

En este recurso de apelación señala la comisión de los siguientes dos errores:

"1. Cometió error el Honorable Tribunal al no determinar que las alegaciones de la acusación eran insuficientes en derecho.

2. Cometió error el Honorable Tribunal al determinar que las Reglas 43 y 44, de carácter procesal, modifican la sección sustantiva que tipifica el delito de motín."

Al comenzar el juicio el acusado solicitó la desestimación de la acusación fundándose en que la misma no imputa un delito. Regla 64(a) de Procedimiento Criminal. El tribunal declaró sin lugar su moción y esta resolución es la que motiva el señalamiento de los dos errores que apunta en este recurso y los cuales discute conjuntamente.

Sostiene el apelante que una acusación por el delito de motín debe incluir a dos o más acusados y que cuando se formula contra uno solo, falta un elemento esencial de ese delito. En apoyo de su contención cita las disposiciones del Art. 359 del Código Penal y el caso de *Pueblo* v. *Ortiz*, 17 D.P.R. 1196 (1911).

El Art. 359 del Código Penal define el delito de motín así:

"Todo empleo de fuerza o violencia, que perturbare la tranquilidad pública, o amenaza de emplear tal fuerza o violencia, acompañada de la aptitud para realizarla en el acto, por parte de dos o más individuos, obrando juntos y sin autoridad de ley, constituye un motín."

Es cierto que este Tribunal, analizando el referido artículo del Código Penal se expresó así en el caso de *Ortiz*, supra:

"Todas las circunstancias que exige la ley vigente en Puerto Rico para que se entienda perpetrado el delito de motín, están alegadas en la acusación, a saber:

1°., que sean dos o más los acusados;

2°., que obren juntos y sin autoridad de ley;

3°., que se emplee fuerza o violencia, o se amenace emplear tal fuerza o violencia acompañada de la aptitud para realizarla en el acto, y

4°., que se perturbe la tranquilidad pública."

En el citado caso de *Ortiz* la acusación se formuló contra más de cinco acusados por lo que el Tribunal, si bien dijo que una de las circunstancias que exige la ley vigente en Puerto Rico para que se entienda perpetrado el delito de motín es *que sean dos o más los acusados*, no tuvo necesidad de entrar a considerar y resolver la cuestión que ahora suscita el aquí apelante. A lo sumo debemos considerarlo como un mero *dictum*.

■ La inclusión en la acusación de dos o más acusados no es un elemento esencial del delito de motín. Lo que requiere la ley para que se considere perpetrado el delito de motín es que dos o más individuos, obrando juntos y sin autoridad de ley, realicen los actos enmarcados en el Art. 359 del Código Penal. Nada hay en la ley que impida la formulación de una acusación por la comisión del delito de motín contra una sola persona. En tal caso la acusación debe alegar y la prueba debe establecer que el acusado, al realizar los actos especificados en el Art. 359 del Código Penal, lo hizo en unión a otra

u otras personas, obrando juntos y sin autoridad de ley.

En este caso la acusación cumple con los requisitos de ley. La ausencia en la acusación de los nombres de las otras personas que en unión al acusado obraron juntos sin autoridad de ley, no la hace insuficiente. Ese es un dato que el acusado podía obtener mediante la solicitud de un pliego de particulares.

Por lo tanto, la expresión de este Tribunal en el caso de *Pueblo* v. *Ortiz,* supra, en el sentido de que una de las circunstancias del delito de motín es que "sean dos o más los acusados", debe considerarse revocada.

Por otro lado la prueba ofrecida por el Pueblo y no refutada por la defensa es suficiente para sostener la convicción del apelante. Ésta fue al efecto de que allá para el día 2 de octubre de 1969, el apelante, capitaneando un grupo compuesto por 70 a 80 estudiantes irrumpió en la cafetería del Recinto Universitario de Mayagüez, subiéndose sobre anaqueles y mesas y profiriendo expresiones en contra del servicio de comida que se vendía en dicho lugar. Entre otras cosas dijo que la firma "Slater" era uno de los tentáculos de la supremacía yanki o americana en este país; que eran unos pillos y que los estudiantes no debían aceptar ningún arreglo; que la compañía debía ser expulsada del Recinto Universitario; que el Decano de Estudiantes y el Rector eran empleados de "Slater"; que los estudiantes debían darle caña a "Slater" y sacarla del Recinto de Mayagüez. Por segunda vez el apelante hizo una arenga a los estudiantes en términos parecidos a los que dejamos expuestos. Luego ocurrió, según lo describe el testigo Carlos M. Rodríguez, encargado de revisar el menú y supervisar el funcionamiento de la Cafetería, lo siguiente:

"En el momento en que estaban todos reunidos empezaron a pasar por el 'counter' estudiantes a servirse la comida y a no pagar y muchos de ellos dejando caer las bandejas al suelo. Ahí en ese momento empezaron a pasar, a servirse la comida y dejar

caer las bandejas. Ante esa situación yo me postré en la puerta que da acceso a la cocina y evitando que ellos fueran a entrar o alguien fuera, ante el peligro, habiendo allí comida en proceso de elaboración, se fuera a quemar algún estudiante. Después de ese incidente bajaron para hacer el piquete frente a la librería del Recinto. Cuando se estaba organizando cayó un aguacero bastante fuerte, entonces corrieron todos para la cafetería nuevamente, para entrar a la cafetería y allí entraron nuevamente. Entonces el joven Yoder volvió y se trepó en una mesa a seguir hablándole a los estudiantes. En esa segunda oportunidad algunos estudiantes cogieron las cubiertas de mica que guardan los refrescos como la Coca Cola, los jugos, etc., las tiraban al suelo y se desparramaba el refresco, los refrescos, por el suelo. También el sitio donde estaban los tenedores y las cucharas los cogieron y los tiraban al aire."

Este testigo declaró además que oyó al acusado decir: "Sírvanse y dejen caer las bandejas." Otro testigo, Efraín García, Consejero de estudiantes en el Recinto de la Universidad de Mayagüez, declaró que presenció cuando los estudiantes destruyeron propiedad. Dice:

"Bueno, que entraron en un sitio que estaba en orden y lo desordenaron, revolcaban las sillas, rompieron vasos, derramaron comida en el piso, se sirvieron la comida que había allí también."

El total de pérdidas sufridas por la Cafetería como consecuencia de estos hechos ascendió a la suma de $2,478.14.

▮ La prueba establece, más allá de duda razonable, que el apelante estaba presente y participó en el motín alegado en la acusación. Véanse: *People* v. *Montoya,* 62 P.2d 383, 56 Cal.2d 547; *People* v. *Bundte,* 197 P.2d 823; *cert. den.* 337 U.S. 915; *People* v. *Bradley,* 30 P.2d 438.

*En su consecuencia, se confirmará la sentencia apelada.*