395 P.2d 708

The STATE of Arizona, Appellee,

v.

James GOLDTHORPE, Appellant.

No. 1400.

Supreme Court of Arizona.

In Division.

Oct. 14, 1964.

Robert W. Pickrell, Atty. Gen., Richard J. Riley, County Atty., and James D. Whitney, Deputy County Atty., Cochise County, for the State.

Ramon R. Alvarez, Douglas, for appellant.

UDALL, Chief Justice.

Defendant James Goldthorpe was tried by a jury in the Superior Court of Cochise County, and was convicted of the crime of burglary in the nighttime of Barnett's Feed Store in Bisbee, Arizona. From that conviction he brings this appeal. The material facts will be stated in the light most favorable to sustaining the conviction. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

Since this case involves the sufficiency of the corroboration of the testimony of two accomplices, the story as told by the two accomplices will be stated first; then the corroborating evidence will be stated.

One of the accomplices, Roy Wyatt testified he and the defendant were roommates in Warren, Arizona and that prior to November, 1962 they had both worked at Barnett's Feed Store. In November they were rooming together in Phoenix, Arizona. Roy Wyatt testified that defendant sometime during November of 1962 suggested to Wyatt that they burglarize Barnett's Feed Store. Wyatt through his former position at Barnett's had come into possession of the combination to the safe. The defendant inquired during this conversation as to whether Wyatt still had the combination. Wyatt replied that he did and indicated that the combination to the safe was in his wallet in the bedroom. Although there is some conflict in the testimony, it appears the defendant went into Wyatt's bedroom and returned to the living room with a piece of paper which he studied for some time.

On December 7, 1962, defendant, Wyatt and Wesley Flowers, another roommate left Phoenix for Tucson, Arizona, for the purpose of defendant's seeing an insurance agent in Tucson regarding a prior auto accident. They left Phoenix about one p. m. from the apartment of three girls. One of these girls, Myra Sukosky later married Wyatt. The three left in defendant's car and arrived in Tucson about 3:30 p. m. After defendant had taken care of his business with the insurance agent, they left for Benson, stopping for coffee and then proceeded to Tombstone. During this trip, the defendant suggested to Wyatt and Flowers that the three of them burglarize Barnett's Feed Store.

In Tombstone they stopped at a gas station where Kenneth Nygaard, a friend of Wyatt and Flowers, worked. They bor-

rowed a couple of dollars from him for gas. After getting gas, they continued to Bisbee and to the road near the Barnett Feed Store. They arrived there a little before 7 p. m.

The accomplice Flowers testified to meeting a person of Spanish descent on this road who walked into a nearby house. Wyatt testified he saw a man, although there is some conflict in his testimony. He said "Hi" to the man and the man responded with a "Hi". Roy Wyatt during the course of the trial identified Simon Pacheco as the man he had seen in the road behind the feed store on the evening of December 7, 1962.

The accomplices, Wyatt and Flowers, also testified to the manner in which the premises were burglarized, the distribution of the money and the return to Phoenix about midnight or 1 a. m. Wyatt and Goldthorpe returned to the apartment of the three girls in Phoenix where they remained for some time before returning to their own apartment nearby.

The following testimony is the corroborating evidence. Myra Sukosky Wyatt, the wife of accomplice Wyatt testified that the defendant along with Wyatt and Flowers left her apartment in Phoenix about one p. m. on the day of the burglary for the purpose of going to Tucson so the defendant could settle an insurance matter. She further testified that the defendant and Wyatt returned to her apartment about midnight or one a. m. that night.

Kenneth Nygaard, a gas station attendant in Tombstone testified that on the day of the burglary shortly after dark, Wyatt and Flowers in company with another person stopped at the station for gas. Nygaard testified he had known Wyatt and Flowers for some time prior to this date since he had previously worked with them. They borrowed a couple of dollars from Nygaard for gas in order to get to Bisbee. Nygaard stated he did not know who the third person was.

Simon Pacheco, a person who resided behind Barnett's store, stated he saw three individuals near Barnett's store sometime in December of 1962. He stated that one was standing by the garage, one was standing in the road and the other was standing by an old car. He said he talked to the person standing in the road and then went inside the house.

Donald Barnett and George Barnett, his father and owner of the feed store that was burglarized, testified the defendant worked at the store prior to the 7th of December, 1962 and that he was generally familiar with the premises. They also testified both Wyatt and Flowers had previously worked

at the store and that to their knowledge only Wyatt knew the combination to the safe.

A police officer who was called to the scene after the burglary was discovered testified it appeared that the store had very recently been broken into.

The defendant did not take the stand.

■ Defendant first assigns as error the lack of corroboration of the testimony given by the two accomplices. It is fundamental in this state that a conviction cannot be upheld on the uncorroborated testimony of an accomplice. A.R.S. § 13–136 (1956). Corroboration which merely shows the commission of the offense or the circumstances thereof is not sufficient. Ibid. This evidence must in itself, and without the aid of the testimony of the accomplice, tend to connect the defendant with the commission of the crime, but it need not be sufficient in itself to establish the defendant's guilt. State v. Smith, 96 Ariz. 322, 395 P.2d 362 (1964); State v. Turner, 94 Ariz. 309, 383 P.2d 866 (1963); State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962); State v. Sheldon, 91 Ariz. 73, 369 P.2d 917 (1962); State v. Bagby, 83 Ariz. 83, 316 P.2d 941 (1957); State v. Colvin, 81 Ariz. 388, 307 P.2d 98 (1957).

An analysis of the corroborating testimony shows that this testimony in itself without the aid of the testimony of the accomplices does not in any way tend to connect defendant with the commission of the offense. The evidence, independent of the testimony of the accomplices, can be divided into two categories. First, the testimony of Myra Sukosky Wyatt, Kenneth Nygaard, and Simon Pacheco attempts to place the defendant at the scene of the crime. Secondly, the testimony of George and Donald Barnett concerns the defendant's familiarity with the layout and operation of the store.

■ In the first category, the testimony of Myra Sukosky Wyatt that defendant and the two accomplices left together for Tucson on the day of the burglary and returned late that night does not in itself tend to connect or link the defendant with the commission of the crime.

The testimony of the gas station attendant in Tombstone established only that the two accomplices and a third unknown person stopped there shortly after dark on the day of the burglary.

The testimony of the Bisbee resident who testified he saw three men near the feed store sometime in December of 1962 does not in itself in any way tend to connect defendant with the commission of the crime.

In fact there is no evidence independent of the testimony of the accomplices which establishes that defendant was even in the area of the scene of the crime on the night of the burglary.

In the second category the owner of the feed store and his son testified that the defendant had previously worked at the feed store and was familiar with the layout and operation of the store. The testimony does not tend to connect defendant with the commission of the crime. If this alone was sufficient, then almost every former employee of a store that was burglarized could be an accused.

The sum total or cumulative effect of the testimony in the first category completely fails to place the defendant at the scene of the crime on the night of the burglary, and certainly—standing by itself—the testimony in the second category cannot tend to connect defendant with the commission of the burglary.

We therefore hold that the trial judge erred in failing to grant the defendant's motion for a directed verdict of acquittal since there was not sufficient evidence to corroborate the testimony of the accomplices.

Because this first assignment of error requires a reversal of the conviction, the remaining assignments of error will not be considered.

Judgment reversed.

LOCKWOOD, V. C. J., and BERNSTEIN, J., concur.