428 P.2d 95

**STATE of Arizona, Appellee,**

**v.**

**James R. SPRINGER, Appellant.**

**No. 1737.**

Supreme Court of Arizona.

In Banc.

May 24, 1967.

Darrell F. Smith, Atty. Gen., Anthony H. Mason, Asst. Atty. Gen., for appellee.

James P. Boyle, Jr., Prescott, for appellant.

BERNSTEIN, Chief Justice.

Appellant defendant herein, was convicted in the Yavapai County Superior Court of burglary in the first degree as defined in A.R.S. § 13–302.

During the night of March 10, 1966, Harmon's Meat Market on the outskirts of Prescott, Arizona was burglarized, and quantities of beer and liquor stolen therefrom. On March 14, 1966, the defendant was arrested in connection with the burglary. The factual occurrences prior to this arrest, as elicited at trial, are set out below.

On the afternoon of March 10, 1966, defendant and a friend, Don Alexander, stopped at Harmon's Meat Market on their return to Prescott from a camping excursion to nearby Willow Lake. While in Harmon's, they attempted to purchase some beer but the store's proprietor refused to permit them to do so. In response to his wife's statement that, "[t]hey might

be twenty-one," the proprietor replied "I am not going to sell them any beer if they are forty-one." The two friends continued to linger in and around the store until they were picked up and given a ride home.

That night the defendant and Don Alexander rode with Bob Alexander back to Willow Lake for the supposed purpose of gathering up camping equipment left at the lake earlier that day. On the way, however, the defendant and Don Alexander asked Don's brother, Bob, to drop them off in the vicinity of Harmon's and to await a flashlight signal before returning to pick them up. With the aid of a wrecking bar, the two then broke into Harmon's through a back door and stole a quantity of beer and liquor. These items were subsequently transported in Bob Alexander's car to the Willow Lake area where it was cached among the rocks. Upon returning to Prescott, arrangements were made with one Doug Piper to pick defendant and Don Alexander up at Willow Lake the next evening.

On the following morning, March 11, it was discovered that Harmon's had been burglarized the previous night. Because of their actions the previous day, both the store proprietor and the police focused suspicion on the defendant and the Alexanders. As a result, several police officers visited the camping area at Willow Lake to which the defendant and Don Alexander had returned that morning and conducted, in their presence, a search for the stolen liquor and beer. The defendant and Don Alexander, however, prior to the arrival of the police, had placed the stolen items into a gunny sack and had submerged it in the shore waters of the lake. Consequently, the police search proved unsuccessful.

On that evening several police officers were concealed in nearby brush, when Doug Piper arrived to provide transportation for the defendant and Don Alexander and their camping equipment back into town. The officers testified that they could hear the rattle of bottles as the gunny sack containing the stolen liquor and beer

was carried from the lake and loaded into the trunk of the car. The officers then radioed a patrolman who stopped the car on the highway leading back to Prescott. Back in town, Doug Piper consented to having his trunk searched and the stolen items were thus revealed. Subsequently charges were preferred against the defendant and Don Alexander.

At defendant's trial, Don Alexander admitted that he and the defendant had committed the burglary. At the termination of the proceedings, the jury returned a verdict of guilty and judgment and sentence were entered against the defendant. On this appeal the defendant challenges the sufficiency of the evidence against him, arguing that there was inadequate corroboration of the condemning testimony of the accomplice, Don Alexander.

█ It is commanded by statute in this state that no conviction shall be had on the testimony of an accomplice unless it is corroborated by other evidence which tends independently to link the defendant with the commission of the offense. A.R.S. § 13–136. Our case law interpreting this statute provides, among other things, that evidence which in only a "slight" degree tends to implicate the defendant is sufficient to corroborate an accomplice's testimony, State v. Miller, 71 Ariz. 140, 224 P.2d 205; that the corroborating evidence need not be sufficient to establish the defendant's guilt, State v. Goldthorpe, 96 Ariz. 350, 395 P.2d 708; that the evidence need not directly connect the defendant with the offense but need only tend to do so, State v. Sheldon, 91 Ariz. 73, 369 P.2d 917; that the necessary corroboration may be established by circumstantial evidence, State v. Bagby, 83 Ariz. 83, 316 P.2d 941; and that, "[i]n the last analysis * * * the facts of each case must govern." State v. Sheldon, supra, 91 Ariz. at p. 79, 369 P.2d at p. 922.

█ Those circumstances which, when considered together, tend to connect the defendant to the crime in the present case, and which, we believe, corroborate

the accomplice's testimony, include the following. The defendant had been seen in Harmon's the afternoon before the burglary and had, rather brusquely, been prevented from buying beer. That night, the night of the burglary, he had been observed several times, along with the Alexanders, driving in an area encompassing Harmon's Meat Market and Willow Lake. The next night, after observing policemen searching the lake area during the afternoon, the defendant, along with Don Alexander, was heard loading Doug Piper's car and among the sounds heard was the rattling of bottles. Shortly thereafter, the car with defendant in it was stopped and beer of the same brand stolen from Harmon's as well as a variety of liquor bottles were found in the car's trunk. In addition, Doug Piper testified that these items had not been in the car trunk prior to the time he had picked up the defendant and Don Alexander at the lake, and where the two had gotten the beer and liquor, outside Don Alexander's admission that it was stolen, was left unexplained at trial. While any of these factors alone may be insufficient, together they weave a web of corroboration which tends to both link the defendant to the crime and to lend credibility to the accomplice's testimony, and as such, are sufficient to corroborate the accomplice's testimony within the meaning of A.R.S. § 13–136.

 Defendant further contends that the fruits of the search of Doug Piper's car were inadmissible by reason of the United States Constitution's Fourth Amendment guaranty against illegal search and seizure. The defendant here, however, has not been the subject of any search. To the contrary, it was Doug Piper's car that was searched and he gave his express and unequivocal consent in this regard. State v. Farmer, 97 Ariz. 348, 400 P.2d 580; State v. Tigue, 95 Ariz. 45, 386 P.2d 402. As the defendant had no grounds for objection, it is therefore unnecessary to resolve the question of "probable cause" to justify the making of the search without a warrant.

Cf. State v. Bradley, 99 Ariz. 328, 409 P.2d 35.

Defendant contends that Officer Fowler's testimony concerning the list furnished him by the proprietor of Harmon's in regard to the stolen items was hearsay and therefore inadmissible. There is merit in this argument, but because the testimony was basically cumulative as a result of the store proprietor's earlier testimony, and because an examination of the record fails to disclose any significant prejudice as a result, we have concluded that the error was not prejudicial and therefore not a proper ground for reversal. Cf. State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739. Likewise, we have examined the instructions to the jury and find them to be without error.

Judgment affirmed.

McFARLAND, V. C. J., and STRUCK-MEYER, UDALL and LOCKWOOD, JJ., concur.