438 P.2d 335

### The STATE of Arizona, Appellee,
### v.
### James Garland SMALLWOOD, Appellant.
### No. 1 CA–CR 134.

Court of Appeals of Arizona.

March 8, 1968.

Rehearing Denied April 5, 1968.

Review Denied May 14, 1968.

STEVENS, Judge.

This case involves an appeal from a conviction for lewd and lascivious acts, a felony, in violation of A.R.S. § 13–652.

The evidence, when viewed in the manner most favorably supporting the verdict, State v. Baker, 100 Ariz. 339, 414 P.2d 153 (1966); State v. Womack, 6 Ariz.App. 267, 431 P.2d 908 (1967), reveals that the appellant committed the act of fellatio on 28 May 1966. The complaining witness was a 17 year old boy. There was much conflict in the testimony relating to the specific details surrounding the commission of the act. The jury determined the factual questions in favor of the State and we do not find it necessary to go into a detailed account of the facts.

Appellant has raised three questions for this Court to review. The first question relates to the introduction of evidence of the commission of a prior indecent sex act by the appellant. The prior act, which may be construed as an attempt to commit fellatio, was committed on 9 December 1965. In relation to this act, misdemeanor charges were filed against the appellant under provisions of the City Code of the City of Phoenix. Appellant plead guilty to this charge in the City Court.

■ We cannot agree with appellant's contention that it was reversible error for the trial court to admit testimony relating to the commission of this prior offense. Our Supreme Court has ruled in State v. McDaniel, 80 Ariz. 381, 298 P.2d 798 (1956), and State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967), that, in the area of unusual sex offenses, there is a specific exception to the general rule that evidence of another crime entirely distinct and independent of that for which the defendant is being tried is neither relevant nor admissible unless proof of one tends to establish the other by showing motive, intent, absence of mistake or common scheme or plan. The exception set forth in McDaniel and Phillips provides that, when a crime is recognized as stemming from a specific

Darrell F. Smith, Atty. Gen., by Norval C. Jesperson, Asst. Atty. Gen., for appellee.

John M. Levy, Phoenix, for appellant.

emotional propensity for sexual aberration, the fact that in the near past an individual has given way to unnatural proclivities has a direct bearing on the ultimate issue whether in the case being tried the individual is guilty of a particular unnatural act of passion.

In the present case, the prior act was sufficiently similar to the crime with which appellant is now charged to show a specific emotional propensity to commit the act as charged. The prior act, being committed approximately six months before the act presently at issue, was sufficiently recent to be considered "in the near past". The jury was specifically instructed as to the limited purpose for which the testimony was introduced. We hold that the admission of the complained of testimony was proper under the rules set forth in McDaniel and Phillips.

The second question for review raises the issue as to whether the trial court erred in submitting to the jury the question of whether the complaining witness was an accomplice. The jury was instructed as to the definition of an accomplice and as to the necessity for corroboration of an accomplice's testimony. It is the contention of the appellant that the trial court should have ruled, as a matter of law, that the complaining witness was an accomplice.

We again refer to McDaniel where a similar contention was raised. In McDaniel, the defendant contended that the trial court had erred in not granting his motion for an instructed verdict because the evidence, as he construed it, showed the complaining witness to be an accomplice. The complaining witness in that case maintained that he did not enter willingly into the act of fellatio and that the only reason he submitted was because of fear that the defendant would do him bodily harm if he refused. The court held that the issue of whether the complaining witness was an accomplice was properly submitted to the jury.

Subsequent to the McDaniel decision, our Supreme Court has decided State v. Howard, 97 Ariz. 339, 400 P.2d 332 (1965). This case also involved the act of fellatio and the Supreme Court held that the complaining witness was an accomplice under A.R.S. § 13-136 whose testimony had to be corroborated in order to sustain a conviction. The trial court had failed to submit any instructions concerning the necessity for corroboration of the testimony of the complaining witness and the Supreme Court held that this failure constituted reversible error.

We find the fact situation in the case presently before us to be substantially different from that presented in Howard. In Howard, the complaining witness had been participating in the indecent acts for a period of approximately six years before she told anyone of the occurrences. Due to the period of time in which the acts took place without her complaining, it was apparently found that she willing participated. In the case now before us, the complaining witness maintained throughout the proceedings that he did not willingly participate in the act of fellatio. He testified that he was afraid of the appellant and did not offer resistance because of this fear. After the complaining witness ran away from the scene of the act, he proceeded directly to his home, told his parents what had occurred and the police were contacted immediately by his parents. We hold that, under these circumstances, the trial court properly submitted the question as to whether the complaining witness was an accomplice to the jury as was done in the McDaniel case.

The third question for review relates to the corroboration of the testimony of the complaining witness. As has been pointed out above, the trial court specifically instructed the jury as to the necessity for corroboration of the testimony of an accomplice. From the verdict rendered by the jury, we do not know whether the jury found the complaining witness to be an ac-

complice. However, assuming that the jury did find the complaining witness to be an accomplice, we hold that there was sufficient corroborating evidence to meet the requirements of A.R.S. § 13–136 as this statute has been interpreted by past decisions.

In regard to past decisions interpreting A.R.S. § 13–136 we refer specifically to State v. Springer, 102 Ariz. 238, 428 P.2d 95 (1967), wherein the court said at 428 P.2d 97:

"It is commanded by statute in this state that no conviction shall be had on the testimony of an accomplice unless it is corroborated by other evidence which tends independently to link the defendant with the commission of the offense. A.R.S. § 13–136. Our case law interpreting this statute provides, among other things, that evidence which in only a 'slight' degree tends to implicate the defendant is sufficient to corroborate an accomplice's testimony, State v. Miller, 71 Ariz. 140, 224 P.2d 205; that the corroborating evidence need not be sufficient to establish the defendant's guilt, State v. Goldthorpe, 96 Ariz. 350, 395 P.2d 708; that the evidence need not directly connect the defendant with the offense but need only tend to do so, State v. Sheldon, 91 Ariz. 73, 369 P.2d 917; that the necessary corroboration may be established by circumstantial evidence, State v. Bagby, 83 Ariz. 83, 316 P.2d 941; and that, '[i]n the last analysis * * * the facts of each case must govern.' State v. Sheldon, supra, 91 Ariz. at p. 79, 369 P.2d at p. 922."

 Applying these rules to the case at issue, we hold that the testimony of the complaining witness was sufficiently corroborated. There was some corroborating evidence presented during the State's case. If there remained a doubt as to the sufficiency of the corroboration when the State rested, the testimony of the defendant furnished adequate corroboration even though his testimony and that of the complaining witness were divergent. In those instances where a defendant presents evidence which bolsters the State's case, the Court in reviewing the case on appeal examines the entire record as to its sufficiency. State v. Weis, 92 Ariz. 254, 375 P. 2d 735 (1962).

Affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.