439 P.2d 831

The STATE of Arizona, Appellee,

v.

George Milton WILSON, Appellant.

No. 2 CA–CR 109.

Court of Appeals of Arizona.

April 2, 1968.

Darrell F. Smith, Atty. Gen., Richard J. Riley, Cochise County Atty., for appellee.

John M. Williams, Douglas, for appellant.

MOLLOY, Judge.

Appellant complains of his conviction, pursuant to A.R.S. § 13–1001,[1] of "possession of false keys." Appellant contends certain evidence was obtained illegally and, therefore, erroneously admitted in evidence, that he was convicted solely on the uncorroborated testimony of an accomplice, that the State failed to prove any criminal intent on appellant's part, and that the sentence imposed is excessive.

The facts, viewed in the light most favorable to upholding the conviction, State v. Baker, 100 Ariz. 339, 414 P.2d 153 (1966), reveal that in the early morning hours of February 28, 1967, a car driven by appellant, and owned by one Knoll, who was riding therein, was stopped in Bowie, Arizona, by a Cochise County deputy sheriff. The reason given for stopping this particular vehicle was that information was received from New Mexico authorities that two men, fitting the description of the appellant and his companion, and in the same make car as that driven by appellant, had opened a vending machine in Lordsburg, New Mexico, and were headed towards Arizona.

When the car driven by appellant arrived in Bowie, it stopped at a closed service station, in front of a vending machine. It remained there a very few minutes and then drove off, headed west. The deputy sheriff then " * * * fell in behind * * *," put his " * * * red light on it and stopped the vehicle." He then approached the driver—appellant—who had " * * * gotten out of the automobile." He then " * * * informed Mr. Wilson that I had reason to believe that he was in possession of vending machine keys and that I would like to search his automobile." Appellant then told him to " ' * * * go

ahead and search my car, and search me too if you want to. * * *'" At this time, neither appellant nor Knoll had been arrested, and the sheriff did not have a search warrant.

The sheriff, in his search of the vehicle, found a sock full of change and a ring of keys under the dash which would open vending machines. Appellant and Knoll were then taken to the justice of the peace court in Bowie, where their vehicle was further searched, turning up another sock full of money. The record does not disclose whether or not a search warrant had been obtained. Also, while at the courthouse, the sheriff observed appellant " * * * throw these keys here [not the keys found in the car] behind the filing cabinet, take them from his pocket and throw them behind the filing cabinet in the courthouse." The key rings containing eight vending machine keys thrown behind the filing cabinet were admitted in evidence without objection, as were the more than one hundred keys and the sock of change found in the car immediately after appellant was stopped in Bowie. An objection of "no foundation," as to the sock of money which was found in the car while it was at the justice of the peace court in Bowie, was overruled. Appellant contends these items were wrongfully admitted in evidence.

A motion to quash the information under which the appellant was charged in the instant case was made in appellant's behalf. One of the bases of this motion was that "[d]efendant was denied his constitutional rights by being searched without a search warrant having first been issued." This motion was denied.

Prior to trial, a petition for a writ of prohibition was filed in this court, seeking to restrain the trial court from hearing the case because the information was based on

1. "A person who makes, keeps or sells, or has in his possession, a false key or other instrument or contrivance for the purpose of entering a building, or a safe, chest, trunk or other place of safekeeping for money, goods or other property, or any place where freight is on vehicles for transportation, or a railway car or vehicle kept or used for transportation of passengers or freight, with intent to commit theft or other crime in any of such places, is guilty of a felony." A.R.S. § 13–1001.

evidence illegally seized, resulting from an illegal search.[2] This petition was denied on May 25, 1967, and the matter proceeded to trial on June 27, 1967.

■■■■ Our Supreme Court has held that the "better practice" is to move to suppress allegedly illegally obtained evidence before trial, but a failure to do so does not preclude a defendant from objecting to the evidence at trial. State v. Kananen, 97 Ariz. 233, 240, 399 P.2d 426 (1965). The defendant must, however, raise the objection to the allegedly illegally obtained evidence sometime before the conclusion of the trial, otherwise the objection is waived and cannot be urged on appeal. State v. Graham, 97 Ariz. 408, 401 P.2d 141 (1965). Here no objection was made at trial to the matters now complained of, and we have no record before us as to what evidence was taken by the trial court on the motion to quash. No error appearing from the record before us, we must assume the trial court acted properly. State v. Sheffield, 97 Ariz. 61, 64, 396 P.2d 828 (1964).

Appellant contends he was convicted solely on the uncorroborated testimony of Knoll and that there was insufficient evidence the defendant intended to use these keys for committing a theft in Arizona.

Knoll testified he observed Wilson use a key on a vending machine in Lordsburg, New Mexico; that the key came from a ring in the car; that this was not the first time on this trip he had observed this type of activity; that entering vending machines was the way they made their money for the trip.

■■ The amount of corroboration necessary is explained in State v. Springer, 102 Ariz. 238, 428 P.2d 95, 97 (1967):

"It is commanded by statute in this state that no conviction shall be had on the testimony of an accomplice unless it is corroborated by other evidence which tends independently to link the defendant with the commission of the offense. A.R.

S. § 13–136. Our case law interpreting this statute provides, among other things, that evidence which in only a 'slight' degree tends to implicate the defendant is sufficient to corroborate an accomplice's testimony, State v. Miller, 71 Ariz. 140, 224 P.2d 205; that the corroborating evidence need not be sufficient to establish the defendant's guilt, State v. Goldthorpe, 96 Ariz. 350, 395 P.2d 708; that the evidence need not directly connect the defendant with the offense but need only tend to do so, State v. Sheldon, 91 Ariz. 73, 369 P.2d 917; that the necessary corroboration may be established by circumstantial evidence, State v. Bagby, 83 Ariz. 83, 316 P.2d 941; and that, '[i]n the last analysis * * * the facts of each case must govern.' State v. Sheldon, supra, 91 Ariz. at p. 79, 369 P.2d at p. 922."

■■ The elements which, in this case, must be established to constitute the crime charged are (1) possession of a "* * * false key or other instrument * * *" for the purpose of entering a place of safekeeping, and (2) with intent to commit theft in that place. The testimony of the accomplice and the physical facts established by other witnesses intertwine in a consistent manner. The fact the defendant was driving this car when apprehended, that some of the vending machine keys were in his possession and that he attempted to dispose of these keys when arrested, lend ample corroboration to the accomplice's story that he and the defendant were operating in collaboration.

■■ There is no direct testimony these keys were to be used in Arizona, but the element of intent may be supplied by circumstantial evidence. Cf. State v. Pudman, 65 Ariz. 197, 177 P.2d 376 (1946); Ryan v. Territory, 12 Ariz. 208, 100 P. 770 (1909). The testimony of Knoll as to appellant's prior use of keys on vending machines, and that he and the defendant made their expenses by entering vending

2. No. 2 CA–CIV 418.

machines, plus the fact that soon after they entered Arizona they stopped for an unexplained purpose in front of a vending machine at a closed service station, coupled with the other circumstances noted above, taken together, appear to us to be adequate circumstantial evidence of the requisite intent.

Appellant lastly contends the three to five years' sentence imposed was excessive. The punishment for violation of A.R.S. § 13–1001 is controlled by the general sentencing statute, A.R.S. § 13–1645, which states that a " * * * felony is punishable by imprisonment in the state prison for not to exceed five years * *." The trial court has wide discretion in imposing sentence, and that determination will not be disturbed except upon a clear showing of abuse of discretion. State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966). We find nothing in the record which tends to show the sentence was unreasonable.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.