475 P.2d 936

**STATE of Arizona, Appellee,**

v.

**Alex CRAWFORD, Appellant.**

**No. 2101.**

Supreme Court of Arizona,
In Division.

Oct. 16, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

James L. Campbell, Yuma, for appellant.

McFARLAND, Justice.

Alex Crawford, hereinafter referred to as defendant, was tried and convicted of the crime of robbery and sentenced to serve not less than six years nor more than ten years in the Arizona State Prison. From his conviction and sentence he appeals.

The defendant was charged with having committed robbery with one Virgil Bohannon. At approximately 1:30 A.M. on the morning of the 22nd day of April, 1969, William D. Spears was on duty at a Shell Service Station located at Yuma, Arizona. (Also known as Bill's Shell). At approximately this hour he was approached by three men who requested him to furnish them with a fan belt for a car. Spears proceeded into the service station and was looking for the fan belt. As he was turning around to direct a question to those who had requested the fan belt he was hit over the head with a pistol. He got "a fairly good look" at the men and identified the defendant as the one who hit him over the head. He stated that "I got a good look at his face as I glanced up before he hit me." The defendant and his accomplice then proceeded to remove the cash register. Rolls of change were taken. The cash register was later found in a park. Spears also testified that he had gone to the bank on the afternoon of the 21st and had gotten some rolled coins; that there was a full roll of dimes and quarters and possibly a full roll of nickles. The cash register had some credit cards in it at the time it was taken.

Arresting officer Todd Hemingway testified that he found a pistol on the defendant when he was arrested. He also described Spears' condition at the time he arrived at the service station. He stated he was bleeding from a wound on the head and there was broken glass in the driveway. He arrived at the service station at about 1:40 in the morning.

Some four hours later the defendant was found at the San Carlos Hotel with a gun in his possession. The defendant matched the description that Spears had given. He was arrested with one Virgil Bohannon who was found with coins and coin wrappers. The defendant had some $60.00 on him which included 18 quarters, 14 dimes, 15 nickles and 14 pennies.

Officers Richard Bauer and James Gaddis corroborated the testimony of Hemingway in regard to the arrest of Bohannon and his possession of rolls of coins and credit cards which had apparently been taken from the cash register.

Robert Lee Johnson testified that he had driven three men, Bohannon, Crawford and Curtis, to the service station about 1:25 or 1:30 A.M. on April 22nd. He and Curtis remained outside and Bohannon and the defendant went into the service station. Curtis went in at the front of the service station and he remained outside on the lefthand side thereof. He testified that they took the cash register to Bohannon's house. He then took his car home and later came back. All of them took part of the money. They later took the cash register over a couple of blocks and left it under a tree.

The defendant first questions the sufficiency of the evidence to sustain the convictions, and second, that the evidence of the accomplice is not sufficiently corroborated to sustain a conviction.

The defendant contends his identification by Spears was indefinite; that Spears could not have made an identification in the short time before he was hit with a gun; that he contradicted his first testimony that the man who struck him was almost six feet tall which was taller than himself. He later testified, after he had seen the defendant at the trial, that he was shorter than he was, and that there were three men when the evidence shows there were only two in the station at the time he was hit; that these contradictions were such that his testimony was discredited and the testimony of the accomplice, Robert Lee Johnson, was not sufficiently corroborative to support his conviction. This court has held in reviewing the suffi-

ciency of evidence to support a verdict that the evidence must be reviewed in a light most favorable to the state and all reasonable inferences must be resolved against the defendant. State of Arizona v. Reyes, 99 Ariz. 257, 408 P.2d 400. It is only when there is absence of probative facts to support the verdict that a reversal is justified. State v. Thomas, 104 Ariz. 408, 454 P.2d 153. It is not the function of this court to retry conflict in evidence but only whether it is evidence to support the verdict. In State v. Bearden, 99 Ariz. 1, 405 P.2d 885, we said:

"We are only concerned with whether there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 50, 381 P.2d 584. Reversible error occurs where there is a complete absence of probative facts to support the conclusion. State v. Mahan, 92 Ariz. 271, 272, 376 P.2d 132; State v. Milton, 85 Ariz. 69, 331 P.2d 846. When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or, alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. Quong Yu v. Territory of Arizona, 12 Ariz. 183, 186, 100 P. 462. Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423. Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial. Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967, 972; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349, 351."

■ The rule in regard to evidence sufficient for the corroboration of an accomplice is set forth in State v. Springer, 102 Ariz. 238, 428 P.2d 95:

"It is commanded by statute in this state that no conviction shall be had on the testimony of an accomplice unless it is corroborated by other evidence which tends independently to link the defendant with the commission of the offense. A.R.S. § 13-136. Our case law interpreting this statute provides, among other things, that evidence which in only a 'slight' degree tends to implicate the defendant is sufficient to corroborate an accomplice's testimony, State v. Miller, 71 Ariz. 140, 224 P.2d 205; that the corroborating evidence need not be sufficient to establish the defendant's guilt, State v. Goldthorpe, 96 Ariz. 350, 395 P.2d 708; that the evidence need not directly connect the defendant with the offense but need only tend to do so, State v. Sheldon, 91 Ariz. 73, 369 P.2d 917; that the necessary corroboration may be established by circumstantial evidence, State v. Bagby, 83 Ariz. 83, 316 P.2d 941; and that, '[i]n the last analysis * * * the facts of each case must govern.' State v. Sheldon, supra, 91 Ariz. at p. 79, 369 P.2d at p. 922."

There was evidence corroborating the testimony of the accomplice in the instant case. For example, the cash register was found at the approximate location as testified to by Campbell. Coins in the approximate denominations were found upon the defendant and others as testified to by Spears and officers.

We cannot agree with the contention of the defendant in regard to the sufficiency of the evidence. Spears definitely identified the defendant as the person who struck him over the head with a pistol. The testimony of the accomplice also supports the conviction. Any discrepancy in his evidence merely goes to the weight to be

given the evidence which is a question for the jury. State v. Davis, 104 Ariz. 142, 449 P.2d 607; State v. Seymour, 101 Ariz. 498, 421 P.2d 517; State v. Foggy, 101 Ariz. 459, 420 P.2d 934; State v. Roberts, 85 Ariz. 252, 336 P.2d 151.

Judgment affirmed.

UDALL and HAYS, JJ., concur.