476 P.2d 153

### The STATE of Arizona, Appellee,

v.

### Pat BUNOW, aka Billy Ray Clark, Appellant.

No. 1914.

Supreme Court of Arizona,
In Banc.
Oct. 21, 1970.

Darrell F. Smith, former Atty. Gen., Gary K. Nelson, present Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Thomas E. Johnson, Jr., Eloy, and Blake, Colter & Flickinger, P. C., by Dwight Charles Flickinger, Phoenix, for appellant.

McFARLAND, Justice.

Pat Bunow aka Billy Ray Clark, hereinafter referred to as defendant, was tried and convicted of the crime of robbery and was sentenced to serve a term of not less than eight nor more than ten years in the Arizona State Prison. From his sentence and conviction he appeals.

A. M. Barringer was in a place in Eloy, Arizona, called the Los Charros Bar on the 22nd day of August. He had been drinking some beer at the time of the incident. He got up and went to the bathroom and was followed to the bathroom by the defendant and Harrington. The defendant hit Barringer with his fist for a moment knocking him unconscious. Barringer identified the defendant as the person who hit him. He failed to identify the second man. He stated he had in his possession "two $20.00 bills, a ten and three ones, and there could have been a five." His pocket book containing this money was taken from him. He described it as "a little tan billfold".

The arresting officer Robert Eugene Henderson who was employed by the Eloy police department at the time testified: that on August 26th a robbery had been reported to him; that he was familiar with the Los Charros Bar in Eloy where the robbery occurred; that he went into the bar on the 26th and saw the defendant; that he was standing at a booth next to the east wall when the defendant saw him; and that "he tried to stuff some money in his pocket and , inside—just wadded it up in his hand." Henderson testified that when he apprehended the defendant he ar-

rested him, and put him in the car. He stated that "Mr. Clark was kind of slumped down in the car shuffling back in the back and as if he were trying to hide something, and I just acted like I didn't see anything"; but that thereafter he searched that particular part of the car and found a $20.00 bill under the upholstery in the back of the car. He said that upon searching the defendant he found a five and three ones which was in addition to the $20.00 he found in the car. He also stated that he went back looking for the billfold; that he looked along Frontier Street in a vacant building which had broken windows; that it was on the corner across the street from the Los Charros Bar; and that in the vacant building he found a billfold underneath a part of the plywood substance of the window, with the name A. M. Barringer imprinted on it. He further testified that he arrested Clarence Jerry Harrington and searched him and found in his possession money in the denominations of a $20.00 bill and a $5.00 bill.

Harrington testified that he was with the defendant at the time defendant hit Barringer and took the money from him. Harrington also stated that he had given the defendant a $5.00 bill and two $1.00 bills and that the defendant had given him back a $20.00 bill and a $5.00 bill; that the denominations he had given the defendant was a $5.00 and two ones.

The defendant questions the credibility of Barringer and his ability to observe defendant at the time he was hit and robbed. He claims this is shown by an inconsistency in Barringer's testimony where Barringer had stated he would be able to recognize the other man involved in the robbery; that when the alleged accomplice Harrington was brought in, Barringer stated he recognized him. However, upon re-cross-examination by defendant's counsel he testified that "He is larger than him and black headed." Defendant states in his brief that Barringer having said that he could recognize both men he was not

able to identify the accomplice, yet was certain of his identification of the defendant.

The facts of the instant care are similar to State v. Crawford, 106 Ariz. 322, 475 P.2d 936, in which we stated:

"This court has held in reviewing the sufficiency of evidence to support a verdict that the evidence must be reviewed in a light most favorable to the state and all reasonable inferences must be resolved against the defendant. State of Arizona v. Reyes, 99 Ariz. 257, 408 P.2d 400. It is only when there is absence of probative facts to support the verdict that a reversal is justified. State v. Thomas, 104 Ariz. 408, 454 P.2d 153. It is not the function of this court to retry conflict in evidence but only whether it is evidence to support the verdict."

The defendant in his brief admitted Barringer definitely identified the defendant. However, he questions his credibility. The testimony of the accomplice Harrington was corroborated by the testimony of Barringer and the arresting officer. The weight and credibility of the evidence are matters for the jury. State v. Crawford, supra; State v. Roberts, 85 Ariz. 252, 336 P.2d 151.

In State v. Milton, 85 Ariz. 69, 331 P.2d 846, the court stated:

"Obviously the witness Jordan made contradictory statements but the jury was not compelled to accept only his statements made on cross-examination. It was its privilege and duty to consider all of his testimony in connection with all of the evidence. We understand the rule to be that testimony of a witness on cross-examination is no stronger than as modified by his direct and redirect examination, hence a particular part of his testimony may not be singled out—as grounds for reversal in this court—to the exclusion of other parts of equal importance bearing on the subject. Cf. Al-

varado v. Tucker, 2 Utah 2d 16, 268 P.2d 986."

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.