519 P.2d 38

**STATE of Arizona, Appellee,**

v.

**James HUTTON, Appellant.**

**No. 2665–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 20, 1974.

**340**

Gary K. Nelson, Atty. Gen., Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, William C. Blakley, Former Deputy Public Defender, Phoenix, for appellant.

Mehrens & Pearce by Craig Mehrens, Phoenix, amicus curiae.

LOCKWOOD, Justice:

The instant case comes before this court on the basis of our granting appellant's petition for review. The decision of the Court of Appeals, 19 Ariz.App. 95, 505 P. 2d 263 (1973) is vacated. The facts involved in the case are as follows:

At approximately 11:00 p. m. on August 12, 1970, Officer Jonovich, of the Narcotics Division of the Phoenix Police Department, received a telephone call at his home from a reliable informant. The informant told Jonovich that he had seen appellant James Hutton in possession of and selling heroin in the Southwest Phoenix area. The informant said that he thereafter saw appellant leaving the area of 11th Avenue and Buckeye Road with heroin in his possession.

Prior to trial, appellant sought to suppress the evidence seized as the product of an illegal search. The motion to suppress was denied and appellant was later convicted of the possession charge only. An appeal was taken to the Court of Appeals which affirmed the conviction. Thereafter, appellant sought review in this court.

The issue for resolution is whether the search and resulting seizure was in violation of appellant's rights as guaranteed by the Fourth Amendment to the United States Constitution.

The officer was told by a reliable informant that the defendant was in possession of heroin, and the informant had seen the appellant selling heroin. This information was telephoned to the officer on August 12, 1973 about 11:00 p. m. The officer did not follow this up immediately, but rather delayed until noon of the next day, August 13th. In the meantime he went to his place of work and was occupied with various matters, until at about noon he

went to Top's Tavern, the place where he expected to find the defendant. According to his testimony he went "to find out if he (the defendant) was in possession of any narcotics, heroin". It was not his intention to arrest the defendant, however. He ordered the defendant to place his hands on a car, and commenced a "pat-down" search of his body. As he was doing so, the defendant made a movement with his hand toward the front of his body and the officer immediately reached into the defendant's pocket. He found a bag containing heroin, suppression of which is the subject of this appeal. Appellant was then informed that he was under arrest for possession of heroin and possession of heroin for sale.

The only excuse the officer gave for not obtaining a warrant was that "he was tied up with office work and in conferences with agents of the Department of Public Safety in identifying various subjects who were selling heroin in front of Top's Tavern and planning for later arrests."

There was no testimony that the officer believed if he had taken the time to get a search warrant and then gone to the Top's Tavern the evidence would have been removed or destroyed. On the contrary, the officer believed that he would find the evidence if he searched the defendant and for this reason went to Top's Tavern and seeing the defendant, proceeded to search.

The Fourth Amendment's prohibition against unreasonable searches and seizures is made applicable to the states through the due process clause of the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Only unreasonable searches and seizures are proscribed by the commands of the amendment. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). "The law requires that if at all possible the independent and neutral opinion of a magistrate be interposed between the officer and the citizen by requiring a warrant before a search is allowed." State

v. Hutton, 108 Ariz. 504, 507–508, 502 P.2d 1323, 1326–1327 (1972).

While we command the officer's zeal in wishing to apprehend a narcotic dealer, we cannot encourage a violation of the Fourth Amendment rights in doing so. In the intervening time between the informant's calling and telling the officer of the defendant's having heroin on his person, the defendant might have disposed of it in some manner. This case is distinguished from State v. Hutton, supra. There the police were informed by a reliable informant that William Hutton was in possession of heroin, and was standing outside a tavern. The police, being informed that the accused would not remain long, went immediately to the place indicated, found the defendant there, and immediately searched him, finding the heroin on his person. The officer testified that he did not obtain a search warrant first, because he knew the habits of Hutton, and that any delay was likely to cause him to be gone from the place indicated by the informant. The arrest of William Hutton took place approximately within a few minutes of the informant's call. Time was important and a warrant could not have been obtained without running the risk of William Hutton's disappearance. Thus in the present case, the Officer, Jonovich, had reasonable cause for an arrest when the informant called him on August 12th, but after a lapse of some 14 hours, merely a suspicion, which he proceeded to confirm by an illegal search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Probable cause may not rest upon mere suspicion though the officer need not have in hand evidence which would suffice to convict. The quantum of information which constitutes probable cause, which would warrant a man of reasonable caution in the belief that a felony was being committed must be measured by the facts of the particular case.

The law requires the judgment of a judicial officer when the right to privacy

must yield to the right of search, except in extraordinary cases and nowhere has it been shown in the instant case that the officer could not have obtained a warrant before apprehending the appellant. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

Judgment reversed and remanded.

STRUCKMEYER and HOLOHAN, JJ., concur.

HAYS, C. J., and CAMERON, V. C. J., concur specially.