526 P.2d 734

**STATE of Arizona, Appellee,**

v.

**Roberto A. ELIAS, Appellant.**

**No, 2931.**

Supreme Court of Arizona,
En Banc.

Sept. 23, 1974.

Rehearing Denied Oct. 22, 1974.

N. Warner Lee, Atty. Gen., Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Ramon R. Alvarez, Douglas, for appellant.

HAYS, Chief Justice.

The defendant, Roberto Elias, was charged with the possession of marijuana for sale (Count I), transportation of marijuana (Count II), and conspiracy to possess marijuana for sale and transportation (Count III).

■ The trial was to the court without a jury, and opened with the following statements:

"MR. ALVAREZ: Defense is ready, Your Honor.

"THE COURT: . . . Is the Prosecution ready?

"MR. LERMA: State is ready, Your Honor.

"THE COURT: Very well, and the Defendant is present. Do you wish to make an opening statement at this time?

"MR. LERMA: Your Honor, at the outset before an opening statement, the State would like to move to dismiss Count One in the information.

"THE COURT: No objection?

"MR. ALVAREZ: I probably don't have one, Your Honor—no, I really don't.

"THE COURT: Motion is granted."

At this point, the prosecution made its opening statement after which the court invited defense counsel to make his. Instead, counsel moved to dismiss Counts II and III on the ground that Count I (possession) is a lesser included offense; that defendant had been put in jeopardy on Count I when the proceedings began; and that since Counts II and III cannot be proved without proving Count I, former jeopardy applies to the whole case which must thus be dismissed. The Court denied the motion and appellant raises this as his first issue on appeal.

Whether the argument concerning included offenses is valid need not be met as we are convinced that the defendant was never in jeopardy on Count I. Jeopardy attaches in a nonjury trial when the first witness has been sworn. M. v. Superior Court of Shasta County, 4 Cal.3d 370, 93 Cal.Rptr. 752, 482 P.2d 664 (1971). It had not yet attached after the opening statement of the prosecution and, therefore, the defendant was not put in jeopardy on the issue encompassed by Count I.

The other legal issues raised by the defendant require a recitation of additional facts. A Douglas, Arizona, policeman testified that while he was on patrol one morning, he passed the place where Carlos Chavez, the alleged co-conspirator with defendant, was staying. There, the policeman observed both a Chevy and defendant's Pontiac. The same policeman later saw the Chevy at a gas station with Chavez at the wheel and the defendant in the car beside him. At that time, the trunk of the car was riding very low, apparently heavily loaded.

Chavez testified that the defendant came to his house and asked him to drive the Chevy to Tucson, stating that there was a load in it. He offered to pay $1,000 for the trip and Chavez agreed. Chavez testified that he did not know what the load was. The two men took the Chevy for gas which defendant paid for. This was verified by the gas station attendant. Shortly thereafter, Chavez started for Tucson in the Chevy and defendant also left for Tucson in the Pontiac. The policeman who had previously noticed them notified the highway patrol to be on the lookout for the two cars. The patrolmen overtook and stopped the Chevy. The rear end of the Chevy was very low; the car was smoking excessively and it had a broken taillight. One highway patrolman detected the odor of marijuana and looking through the broken taillight could see what he thought to be a brick of marijuana. Another officer extracted a brick of marijuana from the trunk by removing the rear seat. Chavez then gave permission to open the trunk and 243 bricks of marijuana were found.

■ Defendant's second contention is that the search and seizure of the automobile was illegal and that he has standing to object to it. As to standing, the United States Supreme Court has held that the suppression of evidence seized in an alleged violation of the Fourth Amendment can be urged only by one whose rights were violated and not by one who has only

been damaged by the introduction of such evidence. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). The defendant is therefore without standing to raise this issue. *See* State v. Vassar, 7 Ariz.App. 344, 439 P.2d 507 (1968).

Defendant's next argument is that Chavez was an accomplice and that there is a lack of sufficient corroboration of the accomplice's testimony.

In discussing ARS § 13–136, this Court in State v. Springer, 102 Ariz. 238, 428 P. 2d 95 (1967), said:

"Our case law interpreting this statute provides, among other things, that evidence which in only a 'slight' degree tends to implicate the defendant is sufficient to corroborate an accomplice's testimony; that the corroborating evidence need not be sufficient to establish the defendant's guilt; that the evidence need not directly connect the defendant with the offense but need only tend to do so; that the necessary corroboration may be established by circumstantial evidence;" [Cites omitted] 102 Ariz. at 240, 428 P. 2d at 97.

There is more than sufficient evidence in the record to satisfy the requirements of the statute.

Lastly, defendant argues that there can be no conspiracy because the accomplice, Chavez, did not know that the load he was transporting was marijuana. The facts brought out in the testimony clearly indicate that Chavez knew that he was being asked to transport contraband of some sort. This is sufficient.

The defendant was sentenced by the trial court to sentences of from 1 to 3 years and from 5 to 7 years, the sentences to run concurrently. The judgments of conviction and sentences are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.