537 P.2d 965

**STATE of Arizona, Appellee,**

v.

**Lonnie Lee MILLER, Appellant.**

**No. 3153.**

Supreme Court of Arizona,
En Banc.

July 7, 1975.

Bruce E. Babbitt, Atty. Gen. by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Martin, Feldhacker & Friedl by William H. Feldhacker, Phoenix, for appellant.

HAYS, Justice.

Lonnie Lee Miller was found guilty by a jury of burglary while armed with a gun and armed robbery. He was sentenced to a term of not less than 10 nor more than 15 years in the Arizona State Prison on each count, the terms to run concurrently.

This court has jurisdiction of the appeal pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Officer Hackworth of the Phoenix Police Department was told by another officer on April 24, 1974, that an unidentified informant had called and said that Miller would attempt a motel robbery that night with a man named Choate. Choate was already a suspect in a series of motel robberies and Miller was thought by the police to be an accomplice, at least occasionally. Hackworth passed the information on to the officer who was on duty that night. Officers began a surveillance of Choate and Miller at a tavern named by the informant and eventually followed them to the Western Village Motel. The car was a light-colored Volkswagen which matched the description of the car used in the previous motel robberies. It was driven through the motel grounds once slowly, exited, U-turned, and was driven in again. The lights and motor were turned off and the motor then restarted. Two figures got out from the car and approached the motel. A few minutes later they returned quickly and left speeding. The car lights were then turned on. The car was driven erratically and through a stop sign, a red light and on the shoulder of the road.

Several unmarked police cars were by this time chasing the car. The car was stopped by ramming it with a police car. The officers drew their guns, took the suspects from the car, handcuffed and arrested them. It was found out that a robbery had been committed and Miller was identified at the motel by the victim.

The appellant contends that the police lacked probable cause to arrest him without a warrant.

 A person may be arrested without a warrant if there is probable cause to believe that a felony has been committed and that he is the person responsible. ARS § 13–1403. Probable cause exists if the arresting officer knows facts and circumstances sufficient to justify the belief of a reasonable and prudent man that a

crime has been committed by the individual arrested. State v. Edwards, 111 Ariz. 357, 529 P.2d 1174 (1974). Probable cause is a practical matter on which men of caution act, not legal technicians. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Stauffer, Ariz., 536 P.2d 1044 (filed June 20, 1975). The collective knowledge of the officers involved can be considered. State v. Richards, 110 Ariz. 290, 518 P.2d 113 (1974). A realistic view of law enforcement is necessary with equal concern for the rights of an individual to be safe from attack as well as the right of the defendant to be properly handled in accord with constitutional mandates. *See* State v. Vaughn, 12 Ariz.App. 442, 471 P.2d 744 (1970). A policeman has the duty to be alert to suspicious circumstances and to investigate if necessary, provided that he is acting within constitutional limitations. Frye v. United States, 315 F.2d 491 (9th Cir. 1963).

 It is required by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), that an informant must be credible or reliable and that the circumstances underlying his information be stated. A law enforcement officer may go to the scene and wait to see if the situation unfolds as forewarned. State v. Aikins, 17 Ariz.App. 328, 497 P.2d 835 (1972). The underlying circumstances are then verified by the personal observations of the officers. State v. Aikins, 18 Ariz.App. 440, 503 P.2d 398 (1972). The observations of the police in this instance yielded probable cause to make the arrests without a warrant.

 The appellant next urges that the question of probable cause for a warrantless arrest should have been submitted to the jury. Three instructions on this point were requested and denied by the trial judge. We have not been cited to any authority for this proposition and find none. Matters of law such as a finding of probable cause are for the decision of the judge

and not the jury. The requested instructions were properly refused.

 Two color photographs of the victim were admitted into evidence over the objections of defense counsel that the prosecution had failed to disclose these exhibits until the day of the trial contrary to Rule 15.1, 1973 Arizona Rules of Criminal Procedure, 17 A.R.S. A black and white photograph of the victim had been previously shown to defense counsel. If one of the provisions of the rule pertaining to discovery has been violated, the appropriate sanction is within the discretion of the trial court. State v. Castaneda, 111 Ariz. 264, 528 P.2d 608 (1974). There has been no showing made that the trial judge abused his discretion or that the result would have been different. The evidence was overwhelmingly against the appellant.

 A defense motion in limine was granted by the trial judge to prohibit any testimony regarding why the officers were following Miller. Appellant now raises the point that there was testimony contrary to the court's order. Some of the testimony to which objection is now made was, however, elicited from the police officer by defense counsel on cross-examination. There was no objection made to the remainder of the testimony at the time of the allegedly prejudicial remarks. The failure to make prompt objection so that the matter can be immediately remedied, if need be, constitutes a waiver of any right of review on appeal. State v. Settle, 111 Ariz. 394, 531 P.2d 151 (1975). Furthermore, the testimony at issue did not refer to any other crimes of which the appellant may have been suspected, which was the apparent concern of the trial judge. *See* Dorsey v. State, 25 Ariz. 139, 213 P. 1011 (1923).

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.