557 P.2d 1052

**STATE of Arizona, Appellee,**

v.

**Freddie Antonio BROOM, Appellant.**

**No. 3610.**

Supreme Court of Arizona,
En Banc.

Dec. 15, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The appellant, Freddie A. Broom, was convicted by the court, after waiving his right to jury trial, of possession of marijuana, a misdemeanor. He was placed on one-year probation and one of the terms of his probation was that he be confined in the county jail for five successive weekends. The appellant has appealed from this sentence and conviction. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

The facts necessary for the determination of this appeal are as follows. On April 20, 1975, several Phoenix police officers were summoned by radio dispatch to the appellant's home to investigate a family disturbance which possibly involved a shotgun. While the other officers went to the front of the house, Officer Kesner went to the rear. Upon rounding the corner of the building, Officer Kesner observed the appellant walking away from the house towards two garbage cans with a brown paper bag in his hand. The appellant put the bag behind the garbage cans and started to return to the house. When asked what he had put behind the cans the appellant answered "nothing." The officer then took appellant into the house, entering through an arcadia door in the rear of the house. The curtain over the door was caught in the closed door and it appeared to the officer that furniture in the room to which the arcadia door led had been moved. Leaving the appellant with the other officers, Officer Kesner went to the garbage can and retrieved the brown paper bag in which was found ten plastic baggies full of marijuana. The appellant moved to suppress the seized evidence and the court held a pretrial hearing at which appellant's motion was denied.

On appeal, appellant argues only that the marijuana should have been suppressed. contending that the search and seizure of the brown paper bag was unreasonable and done without probable cause in violation of his Fourth Amendment rights.

■ There is no question but that the police officers were legitimately on the premises. *State v. Sainz,* 18 Ariz.App. 358, 501 P.2d 1199 (1972). However, the fact that they were legitimately on the premises does not give the officers license to make searches of the property absent a properly issued search warrant or probable cause coupled with exigent circumstances. *State v. Richards,* 110 Ariz. 290, 518 P.2d 113 (1974); *United States v. Smith,* 503 F.2d 1037 (9th Cir. 1974).

It is undisputed that no search warrant was ever issued in connection with the seizure of the evidence here sought to be suppressed. Thus, the only question is whether Officer Kesner had "probable cause" to seize the brown paper bag.

Probable cause exists when

"[A]t that moment the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). *See also State v. Snodgrass,* 19 Ariz.App. 391, 507 P.2d 1003 (1973).

"The quantum of information which constitutes probable cause, which would warrant a man of reasonable caution in the belief that a felony was being committed must be measured by the facts of the particular case." *State v. Hutton,* 110 Ariz. 339, 341, 519 P.2d 38, 40 (1974).

■ In the case at bar, the officer saw the appellant go to the trash cans and put the bag behind the cans. Upon being asked about what he put there, he answered "nothing." At best these facts could arouse a suspicion in the officer that the appellant may have been attempting to hide something from the officer. The fact that the curtain was caught in the arcadia door and that furniture had been moved, although arguably evidencing a hasty exit from the house, neither could contribute to a belief that criminal activity was afoot. "Suspicion, with some grounds to support it, there undoubtedly was. *But that is not enough.* See *United States v. Selby,* 9 Cir., 1969, 407 F.2d 241." (emphasis added). *United States v. Kandlis,* 432 F.2d 132, 135 (9th Cir. 1970). *See also State v. Hutton, supra.*

The testimony of Officer Kesner reproduced below further supports the contention that the search was based upon nothing more than a mere suspicion. The questioning of the officer, in part, went as follows:

"Q. What is your reason for seizing or securing that paper bag?

"A. When I saw him place it behind the can and shortly thereafter, shortly being three seconds, turn around and he sees me and said that he put nothing behind the garbage can, that tends to arouse my suspicions.

"Q. Of what?

"A. Of nothing in particular.

"Q. Just a curiosity as to what he might have put there?

"A. Yes.

. . . . . .

"A. I would say I had nothing beyond a certain suspicion at that time."

As we have previously indicated, "[p]robable cause may not rest upon mere suspicion . . . " *State v. Hutton, supra,* 110 Ariz. at 341, 519 P.2d at 40.

Finally, the fact that it was reported to the police by way of radio that a shotgun was possibly involved cannot serve to help the state's case. Testimony shows that the bag was rolled up at the top and had a base dimension of twelve by five inches.

Obviously a shotgun, even were it dismantled, could not possibly fit inside a bag of that size.

We hold that under the facts of this case there was no probable cause to believe that a criminal offense had been or was being committed.

The state argues, nevertheless, that even if there was no probable cause to search the bag, still the officer's search was not unreasonable in violation of the Fourth Amendment, contending that the bag had been "abandoned" by the appellant. The state relies principally on *State v. Fassler*, 108 Ariz. 586, 503 P.2d 807 (1972). In *Fassler* a garbage can located in an alleyway at the premises at which Fassler was arrested was searched without a warrant and certain evidence was therein discovered which was later used against Fassler on trial. On appeal, this court affirmed the trial court's ruling admitting the evidence, stating:

"We . . . agree with the dissent of the then Chief Judge of the District of Columbia Court of Appeals, Warren Earl Burger:

'The Fourth Amendment was designed to safeguard the individual's right of privacy in his home and in his personal effects against arbitrary intrusion by government officials. I cannot find a fundamental constitutional right to privacy in the garbage or trash pail of a rooming house where the receptacle is located out of doors in sight from the street and where there is an admitted constant invitation to the public authorities of the District to remove the contents as refuse. . . .' *Work v. United States*, 100 U.S.App.D.C. 237, 243 F.2d 660, 663 (1957)." 108 Ariz. at 592–93, 503 P.2d at 813–14.

Although this is still the law in Arizona, the instant case is distinguishable from *Fassler* in several respects. Here, the brown paper bag was not put in the garbage can but rather was placed behind it.

There is no evidence either way as to whether the cans were in sight from the street; however, it was established that they were about 15 feet directly behind the house and still on what appeared to be the appellant's property. Finally, and most importantly, the cans were not in place for collection by the garbage collectors. There was no alley and therefore the trash must have been collected from the front. The cans were not in front of the house and thus could not yet have been subject to removal by the public garbage collectors.

"[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. See *Lewis v. United States*, 385 U.S. 206, 210, 87 S.Ct. 424, 427, 17 L.Ed.2d 312; *United States v. Lee*, 274 U.S. 559, 563, 47 S.Ct. 746, 748, 71 L.Ed. 1202. But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected. See *Rios v. United States*, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688; *Ex Parte Jackson*, 96 U.S. 727, 733, 24 L.Ed. 877." *Katz v. United States*, 389 U.S. 347, 351–52, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967).

We do not think that the appellant had yet "knowingly exposed" the brown paper bag or its contents to the public. As a result, the appellant was indeed entitled to the protections afforded by the Fourth Amendment.

We hold that since Officer Kesner did not have the requisite probable cause, the warrantless search of the brown paper bag was unreasonable and in violation of the Fourth Amendment. As a result, the marijuana found therein should have been suppressed at trial below.

Reversed and remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.