562 P.2d 731

The STATE of Arizona, Appellant,

v.

Armando Lopez RASCON, Appellee.

No. 2 CA–CR 870.

Court of Appeals of Arizona,
Division 2.

Jan. 14, 1977.

Rehearing Denied March 30, 1977.

Edward L. Dawson, Gila County Atty. by
William L. Tifft, Pros. Atty., Globe, for
appellant.

Sevrin J. Huselid, Globe, for appellee.

## OPINION

RICHMOND, Judge.

This is an appeal by the State of Arizona from an order of the trial court granting appellee's motion to suppress evidence. The pertinent facts are as follows.

On December 10, 1975, Detective Edward Steinke of the Gila County Sheriff's Department was advised in one or more phone calls by confidential informants that Armando Rascon would be in possession of a quantity of marijuana on December 12, 1975, but was not told the exact time and place. On December 12, 1975, at 11:15 a. m. Detective Steinke received additional information by phone from two of the aforementioned informants that Rascon would be at the Copper Hills Bowling Alley located in Miami, Arizona, at approximately 11:45 a. m. with a quantity of marijuana for the purpose of conducting sales.

Steinke had received prior reports from parents of children in the Miami area that Rascon was selling marijuana to young adults, and knew that the Copper Hills Bowling Alley was frequented by Miami High School students. In addition, the detective had been told that both of the informants on previous occasions had been present when Rascon sold marijuana to juveniles, and that they had seen Rascon with the substance on December 10. Steinke immediately set up surveillance at several locations. When Rascon could not be located at his residence, police officers waited in an area described as Patio Park in the hope that he would proceed past that location. At 12:10 p. m. the officers recognized Rascon in his vehicle and followed him until he had pulled into a parking lot near the Copper Hills.[1] After appellee had stepped from his automobile, the officers proceeded to arrest him and conduct a search. As a result of this search marijuana was discovered on his person. A motion to suppress

subsequently was granted and this appeal followed.

Two questions have been presented for our determination:

(1) Did the officers have probable cause to arrest and search the appellee without a warrant?

(2) Should the officers have obtained a warrant prior to the arrest?

A person may be arrested without a warrant if there is probable cause to believe that a felony has been committed and that he is the person responsible. A.R.S. § 13–1403 (Supp.1973); *State v. Miller*, 112 Ariz. 95, 537 P.2d 965 (1975). Probable cause exists if the arresting officer knows facts and circumstances sufficient to justify the belief of a reasonable and prudent man that a crime has been committed by the individual arrested. *State v. Edwards*, 111 Ariz. 357, 529 P.2d 1174 (1974). As our highest court noted in *Miller*, probable cause is a practical matter on which men of caution act, not legal technicians. The collective knowledge of the officers involved may be considered. *State v. Richards*, 110 Ariz. 290, 518 P.2d 113 (1974).

Probable cause to arrest may be provided by an informant when it is shown that the individual providing the information is credible or reliable and that the circumstances underlying his information have been stated. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *State v. Aikins*, 18 Ariz.App. 440, 503 P.2d 398 (1972). A law enforcement official may, however, go to the scene and wait to see if a described situation unfolds as forewarned. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *State v. Miller*, supra. The underlying circumstances are then bolstered and verified by the personal observations of the officers. *State v. Aikins*, supra.

In the case before us, Detective Steinke testified that the confidential informants were reliable, and had provided in-

---

1. The evidence is conflicting on this point. Steinke testified that Rascon parked in the Copper Hills parking lot, apparently adjacent to a service station, while Rascon stated that he parked in the service station for the purpose of using the restroom facilities.

formation in the past which led to both arrests and convictions. The credibility or reliability of informants may be shown by the testimony of a police officer demonstrating the reliability of information furnished by the informant on prior occasions. *In Re One 1967 Peterbilt Tractor, etc.*, 84 N.M. 652, 506 P.2d 1199 (1973). The mere fact that the actual number of arrests and convictions resulting from the information is not provided during the suppression hearing is not controlling. Cf. *State v. Hutton*, 19 Ariz.App. 95, 505 P.2d 263 (1973), vacated on other grounds 110 Ariz. 339, 519 P.2d 38 (1974). It is our opinion that the first prong of the *Aguilar* test was satisfied.

This court addressed the issue of "underlying circumstances" in *State v. Aikins*, supra, involving a situation very similar to the one before us. There, an informant who had purchased marijuana from the defendant 48 hours prior to his tip to the police informed a law enforcement officer that the defendant would be transporting a large amount of marijuana from Phoenix to Las Vegas, Nevada. The informer was uncertain as to when the trip was to be made or the mode of transportation, although he believed the defendant might be driving a 1965 Buick bearing a certain license number. Surveillance was established at the defendant's residence and after a period of time police officers observed the defendant loading the Buick as if for a trip, purchasing gasoline and then proceeding in the general direction of Las Vegas. On these facts, Division I held that the officers' personal observations, coupled with the information that the informant had purchased narcotics 48 hours before, satisfied the second prong of *Aguilar*. See also, *State v. Lopez*, 27 Ariz.App. 408, 555 P.2d 667 (1976); *State v. Aikins*, 17 Ariz.App. 328, 497 P.2d 835 (1972).

■ Here, the informants had seen the appellee in possession of a quantity of marijuana 48 hours before the second tip. Further, the police had been supplied with information which had accurately predicted the time, place and movement in a vehicle of an individual personally known to the officers. See *Draper v. United States*, supra. We conclude that this information coupled with the officers' personal observations provided the police with probable cause to arrest.

■ Appellee urges, however, that the State should have obtained a warrant after the tip of December 10. In support of this position counsel for appellee relies primarily on our Supreme Court's decision in *State v. Hutton*, 110 Ariz. 339, 519 P.2d 38 (1974). We believe that the case is inapposite.

In *Hutton*, a reliable informant told a police official that the defendant was in possession of heroin, and that the informant had seen the appellant selling heroin. The officer failed to initiate an investigation until 14 hours after the tip. Under those circumstances the court stated:

"Thus in the present case, the Officer, Jonovich, had reasonable cause for an arrest when the informant called him on August 12th, but after a lapse of some 14 hours, merely a suspicion, which he proceeded to confirm by an illegal search. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Probable cause may not rest upon mere suspicion though the officer need not have in hand evidence which would suffice to convict." 519 P.2d at 40.

While *Hutton* turns on the dissipation of probable cause between receipt of reliable information and the commencement of investigation, the opinion also cites *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), for the necessity of a warrant except in extraordinary cases. It should be noted that the warrant requirement has recently been held inapplicable to a midday public arrest, under a federal statute like A.R.S. § 13–1403, in *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976).

In the case at bar, the initial tip pertained to an event which was to occur in the future, rather than a situation where probable cause would rapidly dissipate with time as in *Hutton*. The officers could prop-

erly wait to see if additional information were forthcoming. This is especially true when one considers that the police were not certain where the defendant would be with the marijuana on December 12, and when his actions would take place. The officers were also unaware at the time of the first tip of the underlying circumstances on which the informer had based his information. Probable cause arose only after the December 12 telephone call, containing specific details, and those details had been verified by the officers' own observations. Cf. *United States v. Vasquez*, 183 F.Supp. 190 (E.D.N.Y.1960).

An analysis of the foregoing leads us to conclude that the police had probable cause to arrest without a warrant, and that the court below erred in granting appellee's motion to suppress.

The order granting the motion to suppress is vacated, and the case remanded for proceedings consistent with this opinion.

HOWARD, C. J., and HATHAWAY, J., concurring.