575 P.2d 332

**STATE of Arizona, Appellee,**

v.

**Ronald BILLUPS, Appellant.**

**No. 1 CA–CR 2166.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 19, 1977.

Rehearing Denied Sept. 1, 1977.

Review Granted Sept. 22, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EUBANK, Judge.

The primary issue raised by this appeal is whether the trial court erred in denying appellant's motion to suppress a "Timberline" eight-inch rotary table saw, on the basis that appellant had no standing to raise the alleged illegal search and seizure as a violation of his Fourth Amendment rights.

Appellant and Crecieraco Arrona were jointly charged with stealing the table saw on October 22, 1975. Following a preliminary hearing, both were bound over to the superior court, and an information was filed against them on November 6, 1975, charging each with grand theft, a felony. At the arraignment, appellant entered his plea of "not guilty" to the charge and subsequently filed his motion to suppress the evidence. The State responded to the motion. Pursuant to the Omnibus Hearing Order, the matter was submitted to the court on the basis of the written memoranda. On February 18, 1976, the court denied the motion stating,

> The Court finds that the defendant has no standing to raise the motion in that the structure that was searched was a

separate structure from the house and that the defendant denied any ownership thereto or claim of proprietory rights thereto.

A motion to reconsider was filed by appellant on March 2, 1976, and subsequently heard and denied.

Appellant then waived his right to a jury trial and the issue of his guilt or innocence was submitted for trial to the court based on the preliminary hearing transcript and a written stipulation of facts. The trial court found appellant guilty of grand theft, a felony, suspended his sentence for four years, and placed him on probation upon condition that he serve one year in the Maricopa County jail.

The facts necessary for our disposition of the "standing" issue are as follows. The table saw was reported stolen to the Phoenix Police Department on October 23, 1975. An investigating officer was sent to the owner's apartment, where he observed the place where the table saw had been located, noticed a trail of scratch marks on the sidewalk, and followed the trail of scratch marks to the appellant's house, located one block away. The owner reported to the officer that the table to which the saw had been attached was in the alley behind appellant's house. The saw, however, was not then attached to it. The appellant was taken into custody by two officers, brought to his house and advised of his rights. At their request appellant gave the officers consent to search the house. The officers searched the house without finding the saw. They then went to the backyard, where they observed a shed located about 10 feet from the house. After obtaining a flashlight from appellant, they shined the light into the shed, observed a table, removed several screws from the door lock, entered the shed and found the stolen saw.

█ Appellant's contention, set out in his motion to dismiss, was that although the officers had appellant's consent to search the house, they did not have his consent to search the yard or shed, and since they had no search warrant, the search and resultant

seizure of the saw was illegal and violated his Fourth Amendment rights. On appeal, this first issue is accompanied by a second question raised by appellant: was there probable cause for a warrantless search of the shed. *See State v. Broom,* 113 Ariz. 495, 557 P.2d 1052 (1976). We do not deem it necessary to reach this second question in this appeal.

Turning to the "standing" issue, we agree with the appellant that he does have sufficient standing to raise the issue of his Fourth Amendment rights violation, if any.

Appellant cites *Jones v. U. S.,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960) which is applicable. In *Jones* the United States Supreme Court said that the presence of a defendant at a search and seizure event was a sufficient source of standing in itself to permit that defendant to challenge the legality of the search when its fruits are used against him. This is our situation. Appellant was present; he gave consent for a search of the house; he has standing to question the search of the shed and the fruits of the theft found therein. *See also Brown v. U. S.,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973).

Appellee argues that the written stipulation of fact changes this. The record shows that those specific facts were not before the trial court when he ruled on the "standing" issue. Further, the facts show that the shed was owned by appellant's sister, who lived next door, that appellant had access and permission to use the shed. Irrespective of these facts, the presence of the appellant conveyed sufficient standing to raise the search issue. *Brown v. U. S., supra, Jones v. U. S., supra.*

Appellee cites *State v. Elias,* 111 Ariz. 195, 526 P.2d 734 (1974) in support of its lack of standing argument. In *Elias,* the

defendant was riding in a vehicle owned by the driver when it was stopped for investigation and subsequent marijuana arrest and seizure. Our Court cited *Alderman v. U. S.,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) as the basis for Elias' lack of standing. We believe that *Elias* is distinguishable from this case *sub judice* on the basis of the different and necessary rules governing searches of homes and searches of automobiles. *See Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). *See also Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). In our opinion *Elias,* a vehicle search, is not applicable to the facts here.

■ Our holding that appellant has sufficient standing to contest the search and seizure, requires us to remand this matter to the trial court for a further evidentiary hearing to determine whether the police officers had consent to search the shed.[1]

■ The burden of proving consent is on the State. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The hearing shall take place within 45 days from the date of this opinion. Following the hearing, the trial court shall make findings of fact on the issue of consent and forward the findings and a transcript of the hearing to this Court within 30 days after the hearing. Jurisdiction is revested in the superior court for this purpose.

Remanded for evidentiary hearing.

SCHROEDER, P. J., and WREN, J., concurring.

---

1. In *Vale v. Louisiana,* 399 U.S. 30, 35, 90 S.Ct. 1969, 1972, 26 L.Ed.2d 409, 414 (1970) the United States Supreme Court discussed four circumstances justifying a warrantless search within the Fourth Amendment: (1) consent, (2) response to an emergency, (3) hot pursuit of a fleeing felon, and (4) probability of imminent destruction of goods, or their removal from the jurisdiction. *See also State v. Broom,* 113 Ariz.

495, 557 P.2d 1052 (1976). If any of these four circumstances are met, then items coming within plain view during the search can properly be used in evidence. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Thus, if defendant consented to the search of the shed, the table saw which was in plain view therein, could properly be introduced into evidence.