575 P.2d 323

**STATE of Arizona, Appellee,**

v.

**Ronald BILLUPS, Appellant.**

**No. 4016–PR.**

Supreme Court of Arizona, In Banc.

Feb. 8, 1978.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant Ronnie Lee Billups was tried and convicted of grand theft. He was placed on probation for a period of four years with one of the conditions of probation being that the appellant serve one year in the Maricopa County Jail. A timely appeal was filed. The Court of Appeals reversed a ruling of the trial court that the appellant did not have standing to challenge the search of certain premises, and the appellate court ordered that the case be returned to the trial court to determine whether the appellant had consented to the search of the premises. We granted the petition of the state for review. The decision of the Court of Appeals, *State v. Billups*, 118 Ariz. 133, 575 P.2d 332 (App. 1977), is vacated. The judgment of the Superior Court is reversed.

On October 23, 1975, officers of the Phoenix Police Department undertook the investigation of a reported theft of a rotary table saw. Their investigation disclosed that two males had been seen carrying a table saw away from the premises of the owner. One of the investigating officers found a trail of scratch marks on the sidewalk leading from the premises where the saw had been located. The scratch marks led to appellant's house which was located about a block away. Further investigation disclosed that the table to which the saw had been attached was found abandoned in an alley behind appellant's home, but the saw had been detached from the table. Acting on this information and the limited description of the individuals seen carrying the saw from the premises, the officers arrested appellant, advised him of his rights and brought him to his home. The appellant gave the officers consent to search his house, but the officers did not find the saw on the premises.

In the backyard of appellant's home some ten feet or more from the house was located an unattached shed. The appellant denied having a key to the shed. The officers secured a flashlight, and with its aid they were able to observe a portion of the shed by shining the light through the space between the door and wall of the shed. They observed the saw in the shed. The officers then removed the screws from the door latch and entered the shed to recover the stolen saw.

The appellant was charged by information with grand theft. A timely motion to suppress was filed upon appellant's behalf. The evidence submitted at the hearing on the motion to suppress consisted solely of the reporter's transcript of proceedings at the preliminary hearing, the parties having agreed to submit the matter on that evidence.

In addition to the facts related above the evidence at the preliminary hearing indicated that the shed in question belonged to appellant's sister and that the keys to the shed were usually kept in the kitchen of appellant's house where he lived with his mother. Based on the evidence presented the trial court ruled that the appellant did not have standing to challenge the search of the shed.

Subsequently the appellant and the state submitted the case for determination by the trial court based on the preliminary hearing transcript and an additional stipulated set of facts. The appellant waived his right to trial by jury and agreed that the trial court could determine the case on the foregoing matters.

The additional facts stipulated were that the appellant had ready access to the shed

by the authority of his sister, the owner of the shed, and that for the use and convenience of the appellant and his mother a key to the shed was provided by the sister, which key was kept at appellant's home.

After considering the matters presented the trial court found the defendant guilty of grand theft and imposed the aforementioned sentence.

■ The appellant first contends that the state's motion for rehearing in the Court of Appeals was premature because the decision of that court did not constitute a final disposition of the case. He cites Rule 31.18, Rules of Criminal Procedure, 17 A.R.S. which provides for a motion for rehearing by any party "desiring rehearing of a decision or order of the Appellate Court which finally disposes of the case . . . ."

The decision by the Court of Appeals disposed of the contention that the appellant did not have standing to contest the search. That court's action was a final disposition of the case on the main point upon which the trial judge relied to deny the motion to quash and adjudge the appellant guilty of the offense charged. The language used by the Court of Appeals to send the case back to the trial court to consider the issue of consent to search was in reality a reversal of the case and granting a new trial in which the trial judge was to make a determination of whether the appellant gave his consent for the search of the shed—a point which the trial court did not decide because he ruled that appellant did not have standing to challenge the search.

■ While much has been written about the question of standing to assert a claim against unlawful search and seizure, the case of *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973) provides the clearest test for resolving the issues of standing. In *Brown* the United States Supreme Court provided that a person would not have standing if: a) the defendants were not on the premises at the time of the contested search and seizure; b) alleged no proprietary or possessory interest in the premises, and c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. Applying this test to the facts in question it appears that the additional factors presented in the stipulation by the parties shows that the appellant had a possessory interest in the premises because of the permissive use allowed by the owner. Under the total factors of the case the appellant had standing to contest the search of the shed.

■ It is conceded that the law enforcement officers were not in possession of a warrant to search the shed. It is also apparent that the defendant did not consent to the search of the shed. In view of the foregoing we must conclude that the seizure of the saw was in violation of the Fourth and Fourteenth Amendments, and under *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) was not admissible in evidence against appellant.

Since the seized evidence was not admissible, there is not sufficient evidence to convict the appellant, and the judgment of conviction must be reversed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.